IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS ASSOCIATION OF THE DEAF**, et al.                                                                 **PLAINTIFFS,**

v.                                                  No. 4:25-cv-273-KGB

**JACOB OLIVA,** in his
official capacity as Commissioner and
Secretary of the Arkansas Department
of Education, et al.                                                                                                               **DEFENDANTS.**

**DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

Come Defendants Secretary Jacob Oliva, Sarah Moore, Kathy McFetridge-Rollins, Adrienne Woods, Randy Henderson, Lisa Hunter, Jeff Wood, Kenn Bragg, Leigh Keener, and Gary Arnold, all named in their official capacities as members of the Arkansas Board of Education, for their Answer to Plaintiffs' Amended Complaint, state:

1. They admit that a survey was posted on the Arkansas Department of Education ("ADE") Facebook page. All remaining allegations in paragraph 1 are denied.

2. They admit that the survey did not have ASL translations. The remainder of paragraph 2 and paragraph 3 do not contain factual allegations and appear to be only attorney argument, opinion, or background information. If these are intended as factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 2 and paragraph 3.

3. They deny the allegations in paragraphs 4, 6, 7, and 8.

4. They admit that the survey posted on ADE's Facebook page closed all January 5, 2024. All remaining allegations in paragraph 5 are denied.

5. They deny that this court has subject matter jurisdiction. Any remaining allegations in paragraph 9 are denied.

1

6. Responding to paragraph 10, they admit that venue is proper.

7. They are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 regarding Arkansas Association of the Deaf ("AAD") and its membership. They deny, however, that AAD has association standing to sue in this matter. All remaining allegations in paragraph 11 are denied.

8. They are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 12 and 13 regarding Plaintiff Hill and Plaintiff Rogers.

9. They admit the allegations in paragraphs 14, 15, 16, and 17.

10. The information contained in paragraphs 18, 19, 20, 21, and 22 is background information and does not appear to be factual allegations that require a response from Defendants. To the extent these are intended as factual allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of any such allegations in paragraphs 18, 19, 20, 21, and 22.

11. The information contained in paragraphs 23, 24, 25, and 26 is background information and does not appear to be factual allegations that require a response from Defendants. To the extent these are intended as factual allegations, Defendants admit paragraphs 23, 24, 25, and 26.

12. They admit that a survey with questions regarding ASD and ASBVI was posted on the ADE Facebook page from December 22, 2023 to January 5, 2024. All remaining allegations in paragraphs 27, 28, and 29 are denied.

13. They are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations in paragraphs 30 and 31 regarding when Plaintiffs learned about the survey. Pleading affirmatively, they deny that Plaintiffs were entitled to any notice about

survey prior to it being posted on the Facebook page. All remaining allegations in paragraphs 30 and 31 are denied.

14. They are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations in paragraphs 32, 33, 34, 35, and 36.

15. They admit paragraph 37.

16. Paragraph 9 is directed to Secretary Oliva, who admits that he received an email from Mr. Prail, but he denies the remaining allegations in paragraph 38. All other Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

17. They admit that the survey was posted on the ADE Facebook page from December 22, 2023 to January 5, 2024. All remaining allegations in paragraph 39 are denied.

18. They admit the survey was closed on January 5, 2024. All remaining allegations in paragraph 40 are denied.

19. They are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 41 and 42.

20. They are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations in paragraphs 43.

21. They deny the allegations in paragraph 44.

22. They admit that Governor Sanders held a press conference on February 13, 2024 regarding ASD and ASBVI. They deny the remaining allegations in paragraph 45.

23. Paragraphs 46, 47, 48, 49, and 50 contain no factual allegations against Defendants, and instead contain only background information. Therefore, no response of Defendants is required.

24. Responding to paragraph 51, they restate their responses to paragraphs 1 through 50 as if fully set forth herein.

25. Paragraphs 52, 53, 54, 59, 60, 62, and 63 contain no factual allegations against Defendants, and instead contain only background information. Therefore, no response of Defendants is required.

26. They are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations in paragraphs 55 and 56.

27. They deny the allegations in paragraph 57.

28. They admit that the Americans with Disabilities Act was in effect during the time period of the complained of acts. Defendants deny that they discriminated against Plaintiffs. Any remaining allegations in paragraph 58 are denied.

29. They deny the allegations in paragraphs 61, 64, 65, and 66.

30. Responding to paragraph 67, they restate their responses to paragraphs 1 through 66 as if fully set forth herein.

31. Paragraphs 68, 72, and 73 contain no factual allegations against Defendants, and instead contain only background information. Therefore, no response of Defendants is required.

32. They are without knowledge or information sufficient at this time to form a belief as to the truth of the allegations in paragraphs 69 and 70.

33. They deny the allegations in paragraph 71.

34. They admit § 504 was in effect during the time period of the complained of acts. Defendants deny that they discriminated against Plaintiffs. Any remaining allegations in paragraph 74 are denied.

35. They deny the allegations in paragraph 75, 76, 77, and 78.

36. Responding to paragraph 79, they restate their responses to paragraphs 1 through 78 as if fully set forth herein.

37. They admit paragraph 80.

38. Paragraph 81 contains no factual allegations against Defendants, and instead contains only background information. Therefore, no response of Defendants is required. Pleading affirmatively, they deny that they violated any First Amendment rights of Plaintiffs.

39. They deny the allegations in paragraphs 82, 83, 84, 85, and 86.

40. They deny that they have violated any rights of Plaintiffs under the ADA, § 504, and the Constitution. Therefore, they deny Plaintiffs are entitled to any of the relief requested in their "Prayer for Relief," including all subparts thereto.

41. Pleading affirmatively, they state they are entitled to Eleventh Amendment immunity, and therefore, the Court lacks subject matter jurisdiction over them. Accordingly, Plaintiffs' Amended Complaint should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

42. Pleading affirmatively, they state that Plaintiffs failed to state any facts upon which relief may be granted as against them, and therefore, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

43. Pleading affirmatively, they deny that they have violated any rights of Plaintiffs under the ADA, § 504, and the Constitution.

44. Pleading affirmatively, they state that all Plaintiffs lack Article III standing, and therefore, their Amended Complaint must be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

45. Pleading affirmatively, they separately and specifically deny all allegations against them of recklessness, malice, deliberate indifference, and intentional and willful misconduct.

46. They deny separately and specifically each and every material allegation of the Amended Complaint not herein admitted.

47. They request leave of the Court to file an amended Answer at the completion of discovery.

WHEREFORE, having fully responded to the Amended Complaint, Defendants pray that Plaintiffs' Amended Complaint be dismissed as against them and for all other just and proper relief to which they may be entitled.

Dated: June 19, 2025                    Respectfully submitted,

                                        TIM GRIFFIN
                                        Attorney General

                                        JORDAN BROYLES
                                        Ark. Bar No. 2015156
                                        Senior Assistant Attorney General

                                        LAURA PURVIS
                                        Ark. Bar No. 2023239
                                        Assistant Attorney General

                                        OFFICE OF THE ATTORNEY GENERAL
                                        101 West Capitol
                                        Little Rock, AR 72201
                                        (501) 301-0169
                                        (501) 682-2591 fax
                                        jordan.broyles@arkansasag.gov

                                        *Counsel for Defendants*