IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS ASSOCIATION OF THE DEAF**, et al.     **PLAINTIFFS,**

v.                    No. 4:25-cv-273-KGB

**JACOB OLIVA**, et al.                          **DEFENDANTS.**

**JOINT RULE 26(F) REPORT**

Come Plaintiffs Arkansas Association of the Deaf, Lahollis Hill, and Lana Rogers and Defendants Secretary Jacob Oliva, Sarah Moore, Kathy McFetridge-Rollins, Adrienne Woods, Randy Henderson, Lisa Hunter, Jeff Wood, Kenn Bragg, Leigh Keener, and Gary Arnold, all named in their official capacities as members of the Arkansas Board of Education (collectively, the "parties") jointly submit this Report pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Initial Scheduling Order (Dkt. No. 12). The parties' positions are set forth below.

**(1)     Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

The parties do not propose any change to the form or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).

**(2)     Date when mandatory disclosures were or will be made.**

The parties will exchange mandatory disclosures at or within 14 days from the filing of this Rule 26(f) report. Fed. R. Civ. P. 26(a).

**(3)     Subjects on which discovery may be needed.**

The parties anticipate that discovery will be necessary related to the allegations and defenses raised in the parties' pleadings.

**(4) Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.**

Yes.

**If so:**

**(a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

Yes, it is expected that electronic disclosures or production will be limited to data reasonably available to the parties in the ordinary scope of business. However, there have been messages and videos posted on various online platforms regarding subject matter related to this case. If Plaintiffs or Defendants no longer have access to such posts, the parties will work together to obtain such information.

**(b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

The parties do not intend to request disclosure of data that is not reasonably available to the parties in the ordinary course of business excepting messages and videos posted by either party on various platforms that they may no longer have access to.

**(c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

The parties will confer as necessary to determine the best method of production.

    **(d)       whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

    Yes.

    **(e)       other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

    None at this time.

**(5)       Date by which discovery should be completed.**

The parties agree that discovery should be completed 60 days before the proposed trial date of April 27, 2026 proposed in the Initial Scheduling Order. Dkt. No. 12. The discovery deadline would be Thursday, February 26, 2026.

**(6)       Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

None.

**(7)       Any orders, e.g. protective orders, which should be entered.**

None.

**(8)       Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None.

**(9)       Any objections to the proposed trial date.**

The initial scheduling order contains a proposed bench trial date of April 27, 2026. Dkt. No. 12.  The parties agree to this date and expect that the bench trial will take no longer than three

days. This time frame reflects a buffer of time given the need for ASL interpreters throughout the proceeding.

**(10)   Proposed deadline for joining other parties and amending the pleadings.**

July 27, 2025.

**(11)   Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)**

The initial scheduling order does not propose a discovery deadline. Dkt. No. 12. The parties agree that discovery should be completed 60 days before the proposed trial date of April 27, 2026 proposed in the Initial Scheduling Order. The discovery deadline would be Thursday, February 26, 2026.

**(12)   Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)**

The initial scheduling order does not propose a motions deadline. Dkt. No. 12. The parties agree that the deadline for filing motions should be no later than 60 days before the proposed trial date of April 27, 2026 proposed in the Initial Scheduling Order. The motions deadline would be Thursday, February 26, 2026 (the same as the deadline for discovery).

**(13)   Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26(f) conference.)**

Not applicable.

Respectfully submitted,

By: Michael J. Laux, ABN 6278834
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Phone: (501) 242-0750
Fax: (501) 372-3482
mlaux@lauxlawgroup.com
mikelaux@cloud.com

Brittany Shrader
Drake W. Darrah
NATIONAL ASSOCIATION OF THE DEAF
LAW AND ADVOCACY CENTER
8630 Fenton Street, Suite 202
Silver Spring, MD 20910
Phone: (301) 587-1788
Fax: (301) 587-1791
Brittany.shrader@nad.org

*Attorneys for Plaintiffs*

TIM GRIFFIN
Attorney General

By: JORDAN BROYLES
Ark. Bar No. 2015156
Senior Assistant Attorney General

LAURA PURVIS
Ark. Bar No. 2023239
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
101 West Capitol
Little Rock, AR 72201
(501) 301-0169
(501) 682-2591 fax
jordan.broyles@arkansasag.gov

*Counsel for Defendants*

5